IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BANK OF AMERICA, N.A.,

    Appellant,

v.

JOYCE A. LOMAX,

    Debtor and Appellee.

CIVIL ACTION NO.
1:14-CV-3625-ODE

ORDER

This bankruptcy appeal is before the Court on Bank of America, N.A.'s ("Bank of America") unopposed Motion for an Order Affirming Decision of the Bankruptcy Court [Doc. 3], which is hereby GRANTED.

Joyce A. Lomax ("Lomax") filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Northern District of Georgia on June 6, 2014. Lomax owns real property which is subject to two mortgage liens. The amount outstanding on the first-priority mortgage (approximately $173,879.00) exceeds the fair market value of the property. Bank of America is the holder and/or servicer of the second-priority mortgage, in the approximate amount of $39,745.19.

On August 6, 2014, Lomax filed a motion to void Bank of America's junior lien effective upon entry of a Chapter 7 discharge in her case [Doc. 1-4]. United States Bankruptcy Court Judge Paul W. Bonapfel held, following the holding of the United States Court of Appeals for the Eleventh Circuit in McNeal v. GMAC Mortgage, LLC, 735 F.3d 1263 (11th Cir. 2012), that Lomax may

"strip off" or void Bank of America's junior lien pursuant to 11 U.S.C. § 506(d) [Doc. 1-3].[1]

On October 13, 2014, Bank of America timely filed a notice of appeal [Doc. 1-2], in which it plans to challenge the correctness of the analysis in McNeal. Bank of America acknowledges, however, that McNeal is binding upon the Bankruptcy Court and upon this Court [Doc. 3 ¶ 9]. In an effort to expedite the appellate review process, Bank of America requests a summary affirmance of the Bankruptcy Court's Order.

Having reviewed the Bankruptcy Record, the Court hereby GRANTS Bank of America's Motion to Affirm [Doc. 3], and the Bankruptcy Court's Order granting Lomax's Motion to Strip Lien is, accordingly, AFFIRMED.

SO ORDERED, this 31 day of December, 2014.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

---

[1]Section 506(d) provides that, "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . . ."